UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60819-SINGHAL/VALLE

RKR MOTORS, INC., d/b/a
MERCEDES-BENZ OF POMPANO,

    Plaintiff,

v.

OLGA PEREZ, MICHAEL PEREZ,
MIDWAY LEASING, CMD, LLC,
d/b/a MCLAREN CHARLOTTE,

    Defendants.
_____/

### ORDER ON PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

THIS CAUSE is before the Court upon Plaintiff RKR Motors, Inc.'s ("Plaintiff") Motion to Compel and for Sanctions (ECF No. 106) (the "Motion") against Defendant CMD, LLC, d/b/a McLaren Charlotte ("McLaren" or "Defendant"). United States District Judge Raag Singhal has referred discovery matters to the undersigned for disposition. *See* (ECF No. 32).

Having reviewed the record, the Motion, McLaren's Response (ECF No. 109), and Plaintiff's Reply (ECF No. 111), and being otherwise duly advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART AND DENIED IN PART** as set forth below.

### I.    BACKGROUND

The factual and early procedural history of this case have been summarized in the Court's prior Orders, which are incorporated by reference. *See, e.g.*, (ECF Nos. 56 at 1-2, 60 at 1-3). The six-count operative Complaint alleges, among other things, that McLaren participated in a conspiracy to violate the Federal Odometer Act by purchasing a 2019 Used Lamborghini

Aventador with a known odometer discrepancy and reselling the vehicle at an artificially inflated price without documenting the vehicle's true mileage. *See generally* (ECF No. 86) (the "Complaint").

The instant Motion is an offshoot of an earlier discovery dispute between the parties. *See* (ECF Nos. 76, 78) (Plaintiff's Renewed Motion to Compel Discovery and for Sanctions and Plaintiff's Motion to Compel Attendance at Deposition and for Production of Documents and Request for Sanctions) (together, the "Plaintiff's previous discovery motions"). After a hearing, the undersigned granted Plaintiff's previous discovery motions and ordered McLaren to: (i) serve amended interrogatory responses and produce all responsive documents by February 6, 2024; and (ii) provide dates for depositions of its president and corporate representative, which were to be conducted by February 29, 2024. *See* (ECF No. 93) (the "January 2024 Order").

In the Motion, Plaintiff asserts that McLaren has not complied with the January 2024 Order in several ways. First, Plaintiff challenges the adequacy of McLaren's supplemental response to Interrogatory 18, arguing that instead of specifically identifying the documents responsive to the question, the supplemental response generally refers to more than 470 pages of Bates Labeled documents, which—Plaintiff argues—are, in any event, not responsive to the question. (ECF No. 106 at 2-4). Second, Plaintiff argues that McLaren has still not produced all documents responsive to RFP No. 9 of its Third Request for Production. *Id*. at 4-6. Third, Plaintiff seeks to compel the continued deposition of McLaren's president (Ryan Wildrick), who initially testified on February 22, 2024.[1] *Id.* at 6 n.2, 9; *see also* (ECF No. 111 at 3, 4 n.5). Lastly, Plaintiff seeks

---

[1] By way of background, Mr. Wildrick was to be deposed in his individual capacity and as a corporate representative. *See* (ECF Nos. 109-1, 109-2). Mr. Wildrick initially appeared for a deposition in his individual capacity on February 22, 2024, for approximately 7 hours. (ECF Nos. 109 at 6, 111 at 3-4). According to McLaren, Mr. Wildrick's deposition as corporate representative was scheduled for February 23, 2024, but Plaintiff unilaterally cancelled the deposition after

sanctions against McLaren, including an award of fees and costs in connection with the Motion and an "adverse inference regarding [McLaren's] agency/consignment/straw man relationship with the co-defendants." (ECF Nos. 106 at 9, 111 at 5).

McLaren opposes the Motion, arguing that it has complied with the January 2024 Order and taken "reasonable efforts to supplement" its responses and production of documents. (ECF No. 109 at 3). In addition, McLaren opposes resuming the Wildrick deposition, accusing Plaintiff of unilaterally cancelling the February 23, 2024 corporate representative deposition "based on the supplemental production of twenty (20) pages of documents requested by Plaintiff during the February 22, 2024 individual capacity deposition and responsive to the Notice of Taking Deposition Duces Tecum issued less than twenty-four (24) hours earlier." *Id.* at 6. Despite McLaren's offer to make Mr. Wildrick available until 5 p.m. on February 23, 2024 for the corporate representative deposition, Plaintiff "refused to move forward with the scheduled deposition." *Id*. at 7.

Relevant to the Motion, the discovery deadline expired on January 31, 2024, and the District Judge has recently denied a request to reopen discovery. *See* (ECF No. 104 at 2, 5) (Order denying Defendant Midway's unopposed motion to continue the trial date and certain pre-trial deadlines by 90 days to obtain additional discovery based on the filing of the operative Complaint). In addition, all pre-trial motions, including dispositive motions, are due by June 21, 2024. *Id*. at 5. With these deadlines in mind and in the interest of promoting compliance with this Court's orders, the undersigned will address the merits of the Motion.

---

McLaren produced additional documents "45 minutes before the continuation of Mr. Wildrick's deposition" on February 23, 2024. (ECF Nos. 109 at 6, 111 at 4). McLaren adds that although it offered to make Mr. Wildrick available until 5 p.m. that day to resume the corporate representative deposition, Plaintiff's counsel "refused to move forward with the scheduled deposition." (ECF No. 109 at 7).

3

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Pursuant to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id*.

Under the Federal Rules, a party may pose interrogatories related to any matter into which Rule 26(b) allows inquiry, *see* Fed. R. Civ. P. 33(a)(2), and request the production of any documents that fall within the scope of Rule 26(b). *See* Fed. R. Civ. P. 34(a). Moreover, a party may answer an interrogatory by reference to specific documents containing the answer if the answering party provides "sufficient detail to enable the interrogating party to locate and identify [the documents] as readily as the responding party could." Fed. R. Civ. P. 33(d)(1).

Additionally, Rule 30 prescribes the methods for deposing a business organization through use of a subpoena or notice of deposition. *See* Fed. R. Civ. P. 30(b)(6). The subpoena or notice must describe with reasonable particularity the matters for examination, *id.*, and the organization is then obligated to designate an appropriate person or persons to testify on its behalf. *See King v. Pratt & Whitney, a Div. of United Techs. Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995), *aff'd sub nom.*, 213 F.3d 646 (11th Cir. 2000) (noting that Rule 30(b)(6) "defines a corporation's obligations regarding whom they are obligated to produce for such a deposition and what that witness is

obligated to be able to answer"). A corporation and its counsel have a duty to prepare the corporate designee so that he or she can give complete, knowledgeable, and binding answers on behalf of the corporation. *Provide Com., Inc. v. Preferred Com., Inc.*, No. 07-CV-80185, 2008 WL 360588, at *2 (S.D. Fla. Feb. 8, 2008) (citation and quotations omitted).

### III. DISCUSSION

Against these general legal principles, the Court addresses Plaintiff's Motion to compel amended interrogatory responses, production of documents, a renewed deposition of McLaren's corporate representative, and monetary and other sanctions.

#### A. McLaren Must Amend its Response to Interrogatory No. 18

Interrogatory No. 18 of Plaintiff's First Set of Interrogatories states:

> Please identify all monies paid to or received from or on behalf of Michael Perez or Olga Perez, who reside or are otherwise located in the State of Florida, since January 1, 2018, and include in your answer the date of payment, amount(s) received, the reason for the payment, the make, model and year of the vehicle relating to each payment, and whether the payment originated from or was sent to an address or financial institution located in the State of Florida.

(ECF No. 106-1 at 4-5).

McLaren's amended response after the January 2024 Order states:

> CMD will produce to Plaintiff documents from which the response to this Interrogatory may be derived, which include documents related to the motor vehicle transactions responsive to Interrogatory #15 and Interrogatory #16, which documents are Bates Labeled MC000144-MC000619.

*Id.* at 5.

McLaren's response to Interrogatory 18 contains a general reference to more than 470 pages of Bates Labeled documents, without providing Plaintiff with "sufficient detail to enable [Plaintiff] to locate and identify [the responsive documents] as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). This type of document production, often referred to as a

5

"document dump," violates the Federal Rules of Civil Procedure and the January 2024 Order. *See Henderson v. Holiday CVS, L.L.C.*, No. 09-CV-80909, 2010 WL 11505168, at *2 (S.D. Fla. Aug. 11, 2010) (noting that while the Federal Rules create an obligation to produce all responsive documents, parties cannot "engage in a wholesale 'document dump' with an instruction to the requesting party to 'go fish'").

Accordingly, the Motion to compel a more specific response to Interrogatory No. 18 is **GRANTED**. By the date set forth below, McLaren must amend its response in accordance with this Order.

### B. McLaren Must Amend its Response to RFP No. 9

According to Plaintiff, despite the January 2024 Order, McLaren has nonetheless failed to produce all documents responsive to RFP No. 9 of the Third Request for Production, which seeks:

> All documents evidencing or relating to payments received by McLaren Charlotte as a deposit or down payment in connection with the purchase, sale or lease of any vehicles in which Midway Leasing was involved or participated in the transaction since January 1, 2018 to the present.

(ECF No. 106 at 4).

McLaren's supplemental response states:

> CMD will produce documents in its possession, custody and control *related to motor vehicle transactions involving Michael Perez and/or Olga Perez,* in which Midway Leasing was involved, contemporaneously with the service of these Amended Responses.

*Id.* (emphasis added).

In opposing the Motion, McLaren asserts that it has: (i) produced all documents responsive to the Request "as modified by Judge Valle during the January 30, 2024 hearing" on Plaintiff's previous discovery motions; and (ii) "engaged in an ongoing effort to supplement its prior

6

productions" as required by Rule 26(e) of the Federal Rules of Civil Procedure. (ECF No. 109 at 2). Both arguments are unavailing.

As to the first argument, McLaren is correct that in connection with Plaintiff's previous discovery motions, the undersigned narrowed the scope of certain requests within Plaintiff's First Set of Interrogatories and First Request for Production, limiting those requests to the parties in this case.[2] *See* (ECF No. 91 at 5-10). McLaren had objected to those requests, among others, and these were the subject of Plaintiff's previous discovery motions and the January 2024 discovery hearing and Order. *See generally* (ECF Nos. 76, 89 at 1, 91 at 2-13). RFP No. 9 of Plaintiff's Third Request for Production, however, was not before the Court. In fact, McLaren had not yet responded to any of the requests in Plaintiff's Third Request for Production as of January 30, 2024. *See* (ECF No. 78 at 4) (Plaintiff's assertion in the initial motion to compel the deposition of Mr. Wildrick that as of January 15, 2024, "McLaren Charlotte ha[d] failed to serve a response or produce any documents in response to Plaintiff's Third Request for Production"); (ECF No. 91 at 2) (January 29, 2024 Joint Status Report on Plaintiff's previous discovery motions, wherein McLaren declared that "it *will* file a response and produce documents [in response to Plaintiff's Third Request for Production], subject to certain objections as applicable"). McLaren's belief that the undersigned had limited the scope of RFP No. 9 is therefore incorrect.

---

[2] For example, RFP No. 13 of Plaintiff's First Request for Production initially read: "All documents evidencing or relating to any vehicles purchased, leased, or sold to Michael Perez, a Florida resident, or any individual or entity or person he is directly or indirectly affiliated with, by McLaren Charlotte, from January 1, 2018 to the present." (ECF No. 91 at 8).

During the January 30, 2024 hearing, the Court amended the RFP as follows: "All documents evidencing or relating to any vehicles purchased, leased, or sold to Michael Perez, a Florida resident, Olga Perez, and/or Midway Leasing, by McLaren Charlotte, from January 1, 2018 to the present." The Court deleted the phrase "or any individual or entity or person he is directly or indirectly affiliated with."

Second, RFP No. 9 seeks documents relating to payments, such as deposits or down payments, received by McLaren in relation to the sale or lease of any car involving Midway Leasing. For the reasons stated in Plaintiff's Motion, the undersigned finds that these documents are relevant and proportional to the needs of the case. *See* (ECF No. 106 at 4-6) (Plaintiff's explanation that other vehicle sales may be relevant to show collusion or fraud between McLaren and Midway). As Plaintiff argues, such evidence may be probative of motive, absence of mistake, or collusion. *See* Fed. R. Evid. 404(b)(2). Moreover, relevant information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1); *Jacobi v. Experian Info. Sols., Inc.*, No. 20-CV-60591, 2020 WL 13389310, at *1 (S.D. Fla. Dec. 23, 2020).

Accordingly, the Motion is **GRANTED** as to RFP No. 9. By the date set forth below, McLaren must supplement its production to provide documents in its possession, custody, or control responsive to RFP No. 9 as written. Responsive documents may include, but are not limited to, emails, text messages, correspondence to/from the customer or lender, buyer's guides, recap sheets, credit reports, payoff information, etc. If no additional documents exist, McLaren must clearly state so.

**C. Deposition of Corporate Representative**

Rule 30(a)(2)(B) requires a party to seek leave of court before calling a person for a second deposition. In deciding whether to grant a second deposition, the Court is guided by Rule 26(b)(2). *See Provide Com., Inc.*, 2008 WL 360588, at *3. Rule 26(b)(2) limits discovery where: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the

needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2).

Here, the discovery sought is not obtainable from another or more convenient source, the burden or expense of obtaining the proposed discovery does not outweigh its likely benefit, and McLaren is not prejudiced by the continued deposition. The production of additional documents minutes prior to Mr. Widrick's 30(b)(6) deposition further supports the undersigned's decision to allow a second deposition. *See* (ECF Nos. 106 at 6, 109 at 6, 111 at 4); *see also Seich v. Boppy Co., LLC*, 344 F.R.D. 476, 480-82 (N.D. Fla. 2023) (permitting a second deposition where corporate representative was unprepared to answer questions on identified topics and additional documents were produced after the deposition).

Under the facts of this case and despite the expiration of the discovery deadline, the undersigned will allow Plaintiff a limited opportunity to depose Mr. Wildrick (or another properly prepared designee) as the corporate representative for 4 hours. The deposition must be conducted by April 25, 2024. During the deposition, the corporate designee should be prepared to knowledgably testify on the matters outlined in the Notice of Taking Deposition of McLaren's corporate representative, including questions about the nature of the relationship between the Defendants and their financial transactions. *See* (ECF No. 109-1 at 1).

### D. Sanctions

Lastly, Plaintiff requests that McLaren be sanctioned for its discovery violations. Specifically, Plaintiff requests: (i) an adverse inference be drawn against McLaren regarding its "agency/consignment/straw man relationship with the co-defendants;" and (ii) an award of attorneys' fees and costs incurred in connection with the Motion. (ECF No. 106 at 9).

Plaintiff's request for an adverse inference is **DENIED**.  In the Eleventh Circuit, an adverse inference is typically only drawn in cases involving the spoliation of evidence.  *See, e.g.*, *AZ55S, LLC v. Flinsco.com, LLC*, No. 22-CV-61658, 2023 WL 4564631, at *2 (S.D. Fla. June 30, 2023), *report and recommendation adopted*, No. 22-CV-61658, 2023 WL 4561628 (S.D. Fla. July 17, 2023); *Edwards v. Future Motion, Inc.*, No. 22-CV-60352, 2022 WL 18144064, at *2 (S.D. Fla. Dec. 22, 2022), *report and recommendation adopted*, No. 22-CV-60352, 2023 WL 122262 (S.D. Fla. Jan. 6, 2023); *Delotta v. S. Broward Hosp. Dist.*, No. 19-CV-62905, 2021 WL 6134784, at *4 (S.D. Fla. Jan. 22, 2021); *see also Graff v. Baja Marine Corp.*, 310 F.App'x 298, 301 (11th Cir. 2009) (citation omitted) ("Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.").  Although Plaintiff does not specify the type of adverse inference it seeks, there are three types of adverse inferences that can be drawn.  *In Matter of Complaint of Bos. Boat III, L.L.C.*, 310 F.R.D. 510, 514 (S.D. Fla. 2015).  The harshest type results in a jury being instructed that certain facts are deemed admitted and must be accepted as true.  *Id.*  The second type results is the imposition of a mandatory, albeit rebuttable, presumption.  *Id.*  The least-harsh type of adverse inference permits a jury to presume that the lost evidence is relevant and favorable to the innocent party.  *Id.* at 514-15.

Regardless of the type of adverse inference requested, the moving party carries the burden of establishing that: (i) the missing evidence existed at one time; (ii) the alleged spoliator had a duty to preserve the evidence; and (iii) the evidence was crucial to the movant being able to prove its prima facie case or defense.  *See AZ55S, LLC*, 2023 WL 4564631, at *2.  Even if all three elements are met, however, "a party's failure to preserve evidence rises to the level of sanctionable spoliation only where the absence of that evidence is predicated on bad faith, such as where a party

purposely loses or destroys relevant evidence." *Id.* (quoting *Penick v. Harbor Freight Tools, USA, Inc.*, 481 F. Supp. 3d 1286, 1291 (S.D. Fla. 2020)).  Mere negligence in losing or destroying evidence is not enough for an adverse inference, as "it does not sustain an inference of consciousness of a weak case." *Vick v. Texas Emp. Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975); *see AZ55S, LLC*, 2023 WL 4564631, at *2; *Edwards*, 2022 WL 18144064, at *2.  Here, Plaintiff has failed to establish the necessary elements for any type of adverse inference.

Next, Plaintiff's request for fees and costs in connection with the Motion is **GRANTED**. Federal Rule of Civil Procedure 37(a)(5) provides for payment of expenses, including attorney's fees, when a court grants a motion to compel discovery.  Fed. R. Civ. P. 37(a)(5)(A).  An award is required unless "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).  Here, the undersigned finds that McLaren's position was not substantially justified, and the Court will use its own knowledge and experience to determine a reasonable fee in connection with the Motion.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (permitting the court to use its knowledge and experience to determine reasonable and proper legal fees); *see also Paxton v. Great American Ins. Co.*, No. 08-CV-81431, 2009 WL 5064054, at *8 (S.D. Fla. Dec. 16, 2009) (ordering payment of expenses incurred in connection with discovery motions where party failed to properly comply with discovery demands).  Accordingly, by the date set forth below, McLaren and its counsel must each pay $1,000 to Plaintiff's counsel to defray the expenses incurred in filing the Motion (total $2,000).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel and for Sanctions (ECF No. 106) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. **Within 14 days** from the date of this Order, Defendant McLaren must amend its response to Interrogatory 18 and produce all documents responsive to RFP No. 9, as set forth above. If no additional information or documents exist, McLaren must amend its responses to clearly state so.

2. **Within 3 days** from the date of this Order, McLaren must provide dates for the continued deposition of its corporate representative, which must be conducted by **April 26, 2024**.

3. **Within 30 days** from the date of this Order, McLaren and its counsel must each pay $1,000 (total $2,000) to Plaintiff's counsel to defray the costs associated with the Motion.

4. Given the expiration of the discovery deadline, no extensions of these deadlines will be granted.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on April 16, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All Counsel of Record