UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60819-CIV-SINGHAL

RKR MOTORS, INC.,

    Plaintiff,

vs.

OLGA PEREZ *et al.*,

    Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

**THIS CAUSE** is before the Court on Defendant's Renewed Motion for Sanctions ("Motion") (DE [201]). The Motion was referred to Magistrate Judge Alicia Valle for a Report and Recommendation on December 10, 2024. Judge Valle issued a Report and Recommendation (DE [258]) ("Report") on January 16, 2025, recommending that the Motion be **GRANTED IN PART AND DENIED IN PART**.[1] Plaintiff filed its Objections to Report and Recommendation on January 30, 2025 (DE [269]) ("Objections"). Defendant CMD, LLC ("CMD") filed its Response in Opposition to Plaintiff's Objections to Report and Recommendation on February 18, 2025 (DE [286]) ("Response").

### I.    BACKGROUND

"Plaintiff seeks the entry of a default judgment as a sanction against Defendant [CMD] for [CMD's] purported noncompliance with [Judge Valle's] discovery orders at ECF numbers 93 and 116." (DE [269-1], p. 66). In the Motion, Plaintiff contends that CMD failed to comply with discovery by "(a) objecting to interrogatories based upon its baseless

---

[1] Judge Valle issued her findings from the bench. The transcript of the hearing is included as an attachment to the Objections (DE [269-1]).

Jurisdiction Motion; (b) falsely responding to the interrogatories by referencing documents that do not contain the answer; (c) after the January 30, 2024 Order [D.E. 93], avoiding answering the interrogatory by submitting what this Court characterized as a "document dump"; and (d) after the April 16, 2024 Order [D.E. 116], serving its Third Amended Responses, which is another "document dump" that does not properly answer the interrogatory and falsely asserts that the answer to the interrogatory can be ascertained from the documents it produced."  (DE [201], pp. 8-9).  Further, Plaintiff asserts the CMD "has failed to produce all of the documents in compliance with this Court's Orders."  (DE [201], p. 9).

The Report recommends that this Court deny Plaintiff's request for a default judgment. (DE [258]).  The magistrate judge further asks that this Court deny Plaintiff's alternative requests for severe monetary sanctions, the appointment of an independent forensic expert, and a renewed deposition of that representative.  (DE [258]).  The magistrate judge does find that less severe sanctions are warranted.  In the Report, she asks that CMD "be precluded from using or testifying about any documents/information that it has not provided to Plaintiff regarding monies paid to or received from or on behalf of Michael Perez or Olga Perez."  (DE [258]) (citing Fed. R. Civ. P. 37(b)(2)(A)(ii)).

Plaintiff objects to the Report's findings, stating that "[t]he recommended sanction permits CMD to continue to conceal the facts that Plaintiff seeks to discover and are needed by Plaintiff to prove its conspiracy claim."  (DE [269], p. 3).  This Court will review this argument in turn.[2]

---

[2] In its Response, CMD argues that Plaintiff's objections to the Report are invalid because it is CMD's view that the Report never found it to be in violation of Rule 37.  (DE [286], p. 4) ("Critically Plaintiff did not object to the Magistrate's findings regarding CMD's compliance with this Court's prior discovery Orders [DE 93; DE 116], or the adequacy of CMD's Second Amended Response to Interrogatory #18 and related document

## II. STANDARDS OF REVIEW

### A. Review of a Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

### B. Motion for Sanctions

District courts have broad discretion "to fashion appropriate sanctions for violation of discovery orders." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). "Permissible purposes of sanction include: 1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir. 1985) (citing *Roadway Express,* 447 U.S. 752 764, (1980)).

## III. DISCUSSION

Plaintiff asks that this Court enter a default judgment against CMD. (DE [201], p. 9). "A default judgment sanction requires a showing of willful or bad faith failure to obey a discovery order." *Malautea,* 987 F.2d at 1542. (citing *Societe Internationale pour*

---

productions."). The Report "finds that less severe sanctions are appropriate, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), to address [CMD's] equivocal/vague response to Plaintiff's Interrogatory No. 18" (DE [258]), and Federal Rule of Civil Procedure 72 permits Plaintiff to object to the adequacy of those proposed sanctions.

*Participations Industrielles et Commerciales v. Rogers,* 357 U.S. 197, 212, (1958)). "In addition, the Supreme Court has interpreted the Rule 37 requirement of a 'just' sanction to represent 'general due process restrictions on the court's discretion.'" *Id.* (citing *Insurance Corp. of Ireland, Ltd., v. Campagnie des Bauxites de Guinee,* 456 U.S. 694, 707 (1982)). "Finally, the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.* (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir. 1988)).

This Court does "not find that [CMD] exhibited a willful or bad faith discovery failure to disobey [Judge Valle's] orders, or rather as [CMD] stated in court [on January 30, 2025] CMD has produced all documents in its possession, which are responsive to interrogatory number 18." (DE [269-1], pp. 68-69.). Dismissal or default as a "severe sanction" "is appropriate only as a last resort." *Malautea,* 987 F.2d at 1542 (citing *Navarro,* 856 F.2d at 142). Thus, this Court affirms Judge Valle's finding and denies this request.

Alternatively, Plaintiff requests "the entry of an Order imposing severe monetary sanctions against McLaren Charlotte and compelling McLaren Charlotte at its own expense to submit its computer accounting and bank records to an independent forensic expert to obtain the information and documents requested relating to the other vehicle transactions, payments to and from its alleged co-conspirators, and, thereafter produce for deposition its corporate representative as to those transactions and the accounting and bank records relating thereto." (DE [201], p. 10).

This Court affirms the magistrate judge's denial of the imposition of severe monetary requests because "McLaren has produced all the documents that it has in its possession, which are responsive to interrogatory number 18." (DE [269-1], p. 69).

Likewise, this Court denies Plaintiff's request for a forensic expert. This Court has previously recognized that a judicially mandated forensic examination is regarded as an "unusual and drastic remedy" that is only warranted in extremely limited circumstances. *See Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2014 WL 11498061, at *3 (S.D. Fla. Dec. 30, 2014) (citing *In re Ford Motor Co.*, 345 F.3d 1315 (11th Cir. 2003) (a forensic examination is the "exception not the rule"). Indeed, "courts compel a party to turn over its computers for a forensic [electronically stored information] analysis only where there is a strong showing that the party (1) intentionally destroyed evidence, or (2) intentionally thwarted discovery." *In re Furstenberg Fin. SAS*, No. 16-CV-60266, 2018 WL 11256048, at *3 (S.D. Fla. Oct. 22, 2018) (citing *Procaps S.A.*, 2014 WL 11498061, at *3). Here, "[t]here is no contention that Defendant McLaren intentionally destroyed evidence." (DE [269-1], pp. 69.). Thus, Plaintiff's request for a forensic expert is denied.

Judge Valle found that the CMD's response to interrogatory number 18 while not made in bad faith is still "disingenuous and somewhat evasive of the crux of the issue." (DE [269-1], p. 69). As such, she recommends that "Defendant CMD be precluded from using at trial any documents that have not been produced to date, which would tend to support its contention that these amounts, or the amounts listed in the purchase agreements, were actually paid to or from Olga or Michael." (DE [269-1], p. 71). This Court affirms and adopts this recommendation.

Plaintiff argues that "the recommended sanction, respectfully, amounts to no sanction at all" because it "permits CMD to continue to conceal the facts that Plaintiff seeks to discover and are needed by Plaintiff to prove its conspiracy claim." (DE [269], p. 2). CMD cannot be expected to submit documents that do not exist. CMD has acknowledged that

Olga defaulted on her obligation to make the $200,000 cash down payment. (DE [269], p. 4). This sanction "would tend to support [CMD's] contention that these amounts, or the amounts listed in the purchase agreements, were actually paid to or from Olga or Michael." (DE [269-1], p. 71). Plaintiff can examine this discrepancy at trial.

IV. **CONCLUSION**

It is hereby **ORDERED AND ADJUDGED** that the magistrate judge's Report and Recommendation (DE [258]) is **AFFIRMED** and **ADOPTED**. Plaintiff's Renewed Motion for Sanctions (DE [201]) is **GRANTED IN PART AND DENIED IN PART**. It is **FURTHER ORDERED** that Plaintiff's Objections to the Report and Recommendation (DE [269]) are **OVERRULED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of March 2025.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF